J-S11004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON MCMASTER | : | |
| | : | |
| Appellant | : | No. 3800 EDA 2017 |

Appeal from the PCRA Order October 19, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1202641-2003

BEFORE: SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: **FILED MAY 07, 2019**

Appellant, Jason McMaster, appeals *pro se* from the order entered on October 19, 2017, denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After review, we affirm.

The relevant facts and procedural history of this matter were set forth by the PCRA court as follows:

> [Appellant] was arrested and subsequently charged in connection with the 2003 fatal stabbing of twenty-year-old Joseph Briglia in a Philadelphia bar. On September 24, 2004, following a non-jury trial before the Honorable Benjamin Lerner, [Appellant] was convicted of first-degree murder and possession of an instrument of crime.[1] On the same date, the trial court sentenced [Appellant] to life imprisonment for the murder conviction and a lesser concurrent term of incarceration for the remaining conviction. On September 11, 2006, following a direct appeal, the

---

[1] 18 Pa.C.S. §§ 2502, and 907, respectively.

Superior Court affirmed the judgment of sentence.[2] The Pennsylvania Supreme Court denied *allocatur* on March 27, 2007.[3]

> [2] *Commonwealth v. McMaster*, 911 A.2d 183 (Pa. Super. 2006) (unpublished memorandum).

> [3] *Commonwealth v. McMaster*, 920 A.2d 832 (Pa. 2007).

On October 31, 2007, [Appellant] filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed an amended petition alleging that trial counsel had been ineffective. After conducting an evidentiary hearing, the PCRA court denied relief on December 15, 2014. On February 3, 2016, the Superior Court affirmed the PCRA court's denial of post-conviction relief.[4]

> [4] *Commonwealth v. McMaster*, 141 A.3d 585 (Pa. Super. 2016) (unpublished memorandum).

On September 26, 2016, [Appellant] filed the instant *pro se* PCRA petition, his second[, and an amended petition on February 1, 2017]. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the PCRA court's intention to dismiss his petition on July 17, 2017. [Appellant] submitted a response to the Rule 907 notice [and another amended PCRA petition] on July 27, 2017. On October 19, 2017, the PCRA court dismissed his PCRA petition as untimely. On November 13, 2017, the instant notice of appeal was timely filed to the Superior Court.

PCRA Court Opinion, 3/26/18, at 1-2.

The record does not reflect the filing of an order directing Appellant to comply with Pa.R.A.P. 1925(b). However, the PCRA court filed an opinion on March 26, 2018, explaining its rationale for denying Appellant's PCRA petition as untimely.[2] On appeal, Appellant avers that his second PCRA petition should be considered timely pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) and the newly

---

[2] We discuss the PCRA timing and filing requirements *infra*.

discovered evidence exception to the PCRA timing requirements. Appellant's Brief at 2. After review, we disagree.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018). We consider the record in the light most favorable to the prevailing party in the PCRA court. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

The PCRA court concluded that Appellant's second PCRA petition was untimely. Order, 10/19/17. The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citing *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

As the PCRA court noted in its opinion, this Court affirmed Appellant's judgment of sentence on September 11, 2006, and our Supreme Court denied Appellant's petition for allowance of appeal on March 27, 2007. PCRA Court Opinion, 3/26/18, at 1 (citing **McMaster**, 911 A.2d 183, 2683 EDA 2004, *appeal denied*, 920 A.2d 832 (Pa. 2007)). Therefore, Appellant's judgment of sentence became final ninety days later on June 25, 2007, when the time to file a petition for a writ of *certiorari* in the Supreme Court of the United States expired. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. Thereafter, Appellant had one year, or until June 25, 2008, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(1). Appellant filed his second PCRA petition on September 26, 2016.[3] Therefore, Appellant's second PCRA petition was patently untimely.

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[4] A petition invoking one of these exceptions must be filed within

---

[3] Appellant filed an amended petition on February 1, 2017, and a second amended petition on July 27, 2017.

[4] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 4 -

sixty days from the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2).[5] The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

Appellant argues that his second PCRA petition should be deemed timely pursuant to the newly discovered facts exception to the PCRA's filing requirements under 42 Pa.C.S. § 9545(b)(1)(ii). Appellant's Brief at 8. Specifically, Appellant asserts that Detective Dennis Dusak, the lead investigator in Appellant's criminal case, was sued in federal court. One of the claims made against Detective Dusak in federal court was that in some separate and unrelated criminal cases, Detective Dusak allegedly drafted statements for criminal defendants and had defendants sign the statements

---

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[5] On October 24, 2018, Section 9545(b)(2) was amended and extended the time for filing a petition from 60 days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. However, this amendment applies only to claims arising on December 24, 2017, or thereafter. Appellant filed his petition on September 26, 2016, and an amended petition on July 27, 2017. Therefore, the 2018 amendment does not apply to Appellant's petition.

adopting the language therein as their own. Detective Dusak then allegedly surreptitiously substituted his version of events for that of the defendants. PCRA Petition, 9/26/16, at 3. Appellant states that he filed his second petition September 26, 2016, within sixty days of July 28, 2016, when he learned that Detective Dusak had been sued. Appellant's Brief at 14.

The PCRA court addressed Appellant's claim as follows:

> In an attempt to satisfy the governmental-interference exception, §9545(b)(1)(i)[5] and/or the previously-unknown fact exception to the PCRA's time-bar, §9545(b)(1)(ii),[6] [Appellant] claimed that he received unsolicited correspondence indicating that Detective Dennis Dusak, who investigated his case, is a named party in pending 2016 civil rights lawsuits.[7] The civil complaints allege, *inter alia*, that Dusak used illicit tactics to procure witness statements in unrelated cases. *See* Amended petition, 9/27/17 at 8.
>
>> [5] The "governmental interference" exception, §9545(b)(1)(i) requires a petitioner to plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. *Commonwealth v. Williams*, 105 A.3d 1234, 1240 (Pa. 2014) (citing *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008)).
>>
>> [6] The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001).
>>
>> [7] *See* Amended petition, 9/27/17 at 8 (citing *Wright v. City of Philadelphia, et al.*, 16 CV 5020 (E.D. Pa.

2016) and *Gilyard et al. v. Dusak, et al.*, 16 CV 2986 (E.D. Pa. 2016)).

At the outset, the sole value of the evidence is to support a claim that Dusak fabricated [Appellant's] pre-trial statement. The alleged facts simply support a previously known fact, and therefore do not satisfy an exception to the time-bar. *See Commonwealth v. McMaster*, 141 A.3d 585 (Pa. Super. 2016), unpublished memorandum at [4] (detailing [Appellant's] prior knowledge of Dusak's alleged fabrication).[6]

_____

[6] In this Court's disposition of Appellant's appeal from the denial of his first PCRA petition, a panel of this Court discussed Appellant's statement to police, Detective Dusak's alleged fabrication, and defense counsel's reliance on the statement in formulating a defense of Appellant's diminished capacity as follows:

[Appellant] next asserts that counsel was ineffective for failing to request a mistrial after the court admitted [Appellant's] written statement to Detective Dennis Dusak. [Appellant] argues that Detective Dusak knew that [Appellant] had difficulty reading and writing, and that the detective intentionally misled [Appellant] into believing that he had written down [Appellant's] statement verbatim, when in fact, [Detective Dusak] had written down a version that made [Appellant] appear guilty. McMaster fails to note that counsel relied on [Appellant's] statement to Detective Dusak, and the circumstances surrounding the statement, to support a defense that [Appellant] was incapacitated and was unable to form an intent to kill at the time of the murder.

At trial, [Appellant] attempted to prove that he could not formulate the specific intent to kill because he was bipolar and intoxicated at the time of the stabbing. Counsel relied on [Appellant's] statement to Detective Dusak to support his diminished capacity defense.

In the statement, [Appellant] averred that he had been drinking earlier on the night of the stabbing. During cross-examination, Detective Dusak admitted that he smelled alcohol on [Appellant] during the interview. Defense counsel also got Detective Dusak to admit that [Appellant] told him that he could not write and "could only read a little." N.T. Trial, 9/22/04, at 206.

- 7 -

Furthermore, even if [Appellant] was able to satisfy an exception to the statutory time-bar based upon the fact that Dusak is a named defendant in civil rights lawsuits, no relief would be due. [Appellant] argued that the newly-discovered evidence would be used not solely to impeach Dusak, but also to support a motion to suppress his statement to Dusak. *See* PCRA petition, 9/26/16 at 5. Despite [Appellant's] characterization of the civil complaints as "concrete evidence," he failed to demonstrate that the pending lawsuits could successfully have formed the basis of a motion to suppress or, if admissible, would have changed the outcome at trial. *See Commonwealth v. Griffin*, 137 A.3d 605, 609 (Pa. Super. 2016) (stating that a federal civil rights complaint is a pleading asserting allegations or accusations and does not meet the definition of admissible, relevant evidence). Specifically, the trial court addressed the import of [Appellant's] statement to Dusak:

> [Appellant's] statement was not material to this court's determination of guilt. This was neither a "statement case" nor a "whodunit." Multiple witnesses identified [Appellant] as the assailant and gave consistent versions of the relevant facts. [Appellant] had a verbal altercation with the victim and his friends. [Appellant] fatally stabbed the victim. He then fled the scene, disposed of the murder weapon and changed clothes—all signs of consciousness of guilt. When he was arrested, he asked the arresting officer about the victim's condition and made an

_____

Counsel argued that [Appellant's] signature on the statement, which was misspelled and written on several lines, demonstrated that he was unable to form the specific intent to kill because he was a bipolar individual of limited cognitive skills who was drunk when the killing occurred.

Because counsel used [Appellant's] statement to support a diminished capacity defense, he had a reasonable basis for not objecting to the admission of the statement. Accordingly, [Appellant's] claim of ineffective assistance must fail.

*Commonwealth v. McMaster*, 141 A.3d 585, 156 EDA 2015 (Pa. Super. filed February 3, 2016) (unpublished memorandum at *4).

incriminating statement. [Appellant] never denied that he stabbed the decedent. Instead, he attempted to raise a reasonable doubt about his complete or partial justification for the use of deadly force. The trial court credited the testimony of the eye-witness in finding that [Appellant] acted with premeditation and a specific intent to kill, and that he acted completely without any fear for his own safety. [Appellant's] statement played no significant role in this case.

Trial court opinion, 7/6/15 at 5. Because [Appellant's] statement to Dusak did not meaningfully factor into the court's verdict, the advancement of allegations challenging its reliability would not have changed the outcome at trial.

PCRA Court Opinion, 3/26/18, at 3-5.

After review, we discern no error in the PCRA court's analysis and conclusion. As discussed above, in his first PCRA petition, Appellant asserted that Detective Dusak adulterated Appellant's statement to police. Therefore, this claim was known to Appellant in 2007 and raised in his first PCRA petition. Thus, this claim is arguably previously litigated. 42 Pa.C.S. § 9543(a)(3). Additionally, because Appellant previously claimed that Detective Dusak fabricated Appellant's statement, it was not newly discovered evidence.

Regardless, we are cognizant that in his second PCRA petition Appellant added a new layer to his claim that Detective Dusak altered his statement: lawsuits against the detective in federal court. However, we conclude that Appellant has failed to establish how allegations made in federal proceedings, which involved separate criminal defendants and unrelated cases, have any bearing on Appellant's case or would have changed the outcome of Appellant's

trial. As noted above, Appellant's statement to Detective Dusak was used by defense counsel in Appellant's favor to bolster a claim of diminished capacity at trial, *McMaster*, 156 EDA 2015, at \*4, and the statement was ultimately not a factor in Appellant's conviction. PCRA Court Opinion, 3/26/18, at 4-5. We conclude that the PCRA court correctly concluded that Appellant failed to prove that his after-discovered evidence would have resulted in a different outcome at trial. Accordingly, we discern no error or abuse of discretion in the PCRA court dismissing Appellant's second PCRA petition as untimely.

Because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the issues presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Therefore, we affirm the order denying Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/19